IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HANEY, et al.,<br><br>               Plaintiff,<br><br>    v.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, et al.,<br><br>               Defendants. | Civil Action<br>No. 12-1297 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** Chief Judge:

This matter comes before the Court on Defendants' motion to dismiss Plaintiff Crystal Haney's claims and award attorney's fees and costs. [Docket Item 10.] Plaintiff Crystal Haney has not appeared for noticed depositions and has not opposed Defendants' motion to dismiss. The Court held a telephonic oral argument on May 8, 2013. Defendants' motion will be granted. The Court finds as follows:

1. Plaintiffs David Haney and Crytal Haney, husband and wife, seek damages from Defendant Harrah's Atlantic City Operating Company and various other Harrah's companies for injuries that David Haney sustained on July 16, 2010 in a slip and fall. (Compl. ¶¶ 19-20.) David Haney asserts a negligence claim; Crystal Haney asserts a loss of consortium claim.

2. On March 22, 2012, Defendants noticed David and Crystal Haney to appear for depositions on June 13, 2012.

[Docket Item 10-5 at 3.] David Haney's deposition was rescheduled and occurred on November 16, 2012. (Def. Br. Supp. Mot. Dismiss ("Def. Br.") at 4.) Crystal Haney "failed to appear." (Def. Br. at 4.) Defendants noticed Crystal Haney to appear at deposition on January 16, 2013. [Docket Item 10-7 at 3.] She adjourned the deposition. (Def. Br. at 4.) On January 23, 2013, Defendants' counsel sent Plaintiffs' counsel a letter confirming that Crystal Haney's deposition was rescheduled for March 7, 2013. [Docket Item 10-8 at 2.] Counsel had scheduled multiple depositions for March 7, 2013, all of which were rescheduled for March 14, 2013 due to inclement weather. [Docket Item 10-9.]

3. Plaintiff's counsel emailed Defendants' counsel, "With regard to Crystal Haney, she is not responding to my telephone calls. I do not believe she will be attending." [Docket Item 10-9 at 2.] Defendants' counsel wrote a letter stating, "This will confirm that you have advised my office that Plaintiff Crystal Haney will not be appearing for her deposition scheduled for tomorrow, March 14, 2013." [Docket Item 10-10 at 2.]

4. At oral argument, Plaintiff's counsel said he informed Crystal Haney that she was obliged to appear for deposition and that, if she did not appear, her claim would be subject to dismissal.

5. At his deposition on November 16, 2012, David Haney testified that he and Crystal Haney were married on February 25, 2010 and that they were "[s]eparated really from the day we got married, but honestly, it probably would have been 18 months ago . . . ." [Docket Item 10-6 at 3; David Haney Dep. 12:11-22.]

6. Defendants argue that Crystal Haney has not attempted to reschedule her deposition, even though the pretrial factual deadline was February 28, 2013, and, therefore, that her claim should be dismissed with prejudice.

7. Plaintiffs' counsel stated at oral argument that he has been unable to make verbal contact with Crystal Haney, but that he mailed her a copy of Defendants' motion to dismiss, along with a cover letter explaining that her loss of consortium claim was subject to dismissal. Plaintiffs' counsel is confident that Ms. Haney is aware of the dismissal motion. He has received no response from his client Crystal Haney.

8. Defendants' counsel and Plaintiffs' counsel stipulated at oral argument that Plaintiffs would consent to dismissal of Crystal Haney's claim and that Defendants would withdraw their motion for attorneys' fees. The Court will therefore dismiss Defendants' motion for counsel fees as moot because it has been withdrawn.

9. In addition to counsel's agreement to dismiss Crystal Haney's claim, the Court has independently reviewed the merits of dismissal to protect Crystal Haney's interests, despite her absence. The Third Circuit outlined several factors for considering dismissal as a sanction: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984). A review of these factors shows that dismissal with prejudice is proper.

10. Despite multiple efforts over the course of one year to schedule her deposition, Crystal Haney failed to appear. Her failure to appear is her personal responsibility because Plaintiffs' counsel tried to contact her and informed her that failure to appear for deposition could result in dismissal. Her failure to appear at deposition prejudices her adversary because Defendants need to depose her to learn how her husband's injury has impacted her. Her repeated failures to appear and to respond to Plaintiffs' counsel's attempts to contact her show a history

of dilatoriness. Her conduct shows that her failure to participate in this litigation is willful. She has been informed of the pendency of this dismissal motion and has offered no promise to appear for a deposition and indeed no willingness to continue to pursue her consortium claim. Both Plaintiffs' and Defendants' counsel agree that dismissal is the appropriate sanction, and it appears that her loss of consortium claim has little merit due to her separation from her husband. The Court is persuaded that dismissal is proper.

    11. The Court will grant Defendants' motion to dismiss Crystal Haney's claims and dismiss as moot Defendants' motion to award fees and costs. The accompanying Order will be entered.

**May 9, 2013**                           **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                            Chief U.S. District Judge